States v. Adams Mr. Brown Good morning, Your Honors. Ketaj Brown on behalf of Anthony Adams. May it please the Court. Your Honors, this is a case about a robbery of a non-existent stash house. The unique aspect in this case is that individuals like our client, who are enlisted to help and have little information, are being held accountable for 924C violations at the same level of culpability with less knowledge than those individuals who have engineered the crime. Now this, of course, is a conspiracy charge, right? Correct, Your Honor. This is a conspiracy charge. So the government had the burden of proving that he entered into an agreement to rob this, what he believed to be this stash house, and that conduct and furtherance of the agreement was reasonably foreseeable to him. It was my understanding, looking at the indictment and also looking at the record, that the agreement itself was an agreement to rob it with the use of weapons. Correct, Your Honor. So that's not helpful to your client if he's agreed to use weapons. And then somebody, I mean, I'm not bothering to look at the toolbox and whether he knew what was in that box. I actually don't think that's terribly important.  If it's important, and I'm not sure it is after Rosemond, he has ample opportunities, the district court pointed out, to back off the agreement, but he doesn't. And so he, you know, blue gloves, all this stuff. So I'm concerned about how, well, I'll tell you two things concern me. The facts concern me, that it looks like he agreed to do an armed robbery. And the other thing of a more theoretical nature that agrees, that bothers me, is it seems that you are arguing that Rosemond against United States, the recent Supreme Court decision, without saying a word, overruled Pinkerton. And Pinkerton is a case that's been cited maybe a million times. I mean, it's a very important case in the law of conspiracy. And I'm a little uncomfortable with the idea of assuming that such an important move was taken with not a word. Yes, Your Honor. To your first point, if we are just looking at the four corners of Mr. Adams' plea agreement, then yes, it would seem that he agreed to be a part of this conspiracy with firearms. And why shouldn't we look at the four corners of that agreement? Isn't that the best? I mean, overall, isn't that the fairest thing to do for criminal defendants? Well, Your Honor, in this situation, the broader record provides more. There are several inconsistencies and contradictions in the factual basis of the whole case. The government has thrown out several versions of several theories of liability as far as possession, constructive possession, foreseeability. We don't know what happened. We don't know what it was. For all we know, Mr. Adams' case could fit squarely under Rosemond. But the factual basis. But he does plead to this indictment. And that's why I'm at least wondering why maybe the most fair thing that one could do is to say the government may say this or that, but he goes through the right kind of Rule 11 colloquy. And I'm just looking at the indictment. It charges him with this armed conspiracy to commit this crime. Correct, Your Honor. However, after Mr. Adams signed his plea agreement, that's when Rosemond came down. And the law changed. I don't know if the law did change. That's the thing. I'm trying to get you to think. That's the second part of my question. Just to finish the thought in the first part. Specifically, Adams agreed with all these other people to rob the purported stash house and to use firearms in furtherance of the robbery. So he pleads to that. But anyway, why don't you explain to me why the Supreme Court tossed out Pinkerton without saying that it was doing that? Your Honor, we're not asking. We're not saying that the Supreme Court overruled Pinkerton with Rosemond. What we are trying to say is that the common component of knowledge be applied uniformly. Well, foreseeability. We said in Newman that they would be applied uniformly. What Rosemond does is add to the law of aiding and abetting what people have understood to be the foreseeability or knowledge requirement in Pinkerton. Your argument is that Rosemond somehow changes Pinkerton, and that's why I'm having any trouble. I'm perfectly willing to agree that after Rosemond, aiding and abetting, and Pinkerton both require that the use of a firearm be foreseeable, and that if an unforeseeable thing happens, you have time to withdraw. But your client conceded that use of firearms was foreseeable, and he had plenty of time to withdraw and didn't. So I'm having a lot of trouble seeing how Rosemond helps him. Your Honor, our client said that the use of firearms in drug trafficking crimes are foreseeable. That's what he pled to in the plea agreement. And furthermore— I don't think that's what it said. It says, Adams agreed with Myron Flowers, David Flowers, Trapp, Adams, and Conley to rob a purported stash house of at least 50 kilograms of copaint and to use firearms in furtherance of the robbery. Then there's another sentence about the toolboxes, but this first one doesn't look to me like a statement that guns are often used in stash house robberies. It looks like I agree I'm going to do this and use a gun. Correct, Your Honor, but if we look at the sentencing transcript, the district court judge makes a point to say that firearms are foreseeable in these type of drug trafficking or violent crime offenses. The plea agreement, again, the plea agreement is not the only piece of the record which courts look to in order to develop a determination for a factual basis upon conviction. Before your time expires, I want to ask you a practical question. Yes, Your Honor. Does your client really want to withdraw his plea? He got an 87-month sentence. If the plea is withdrawn, the government will reinstate the drug charge, and presumably the government will reinstate the Section 851 notice, and his mandatory minimum sentence is going through the roof. It's very hard for me to see how Adams can be better off withdrawing his plea. Correct, Your Honor, and we've had these, as counsel, we've had these conversations with our client. However, we represent him. Yeah, well, if he knows what he's getting into, but it sounds like I really want the privilege of jumping into a vat of boiling oil. Well, Mr. Adams is so upset by the contradictions and the vagueness of the factual basis which led him to possess these firearms. If he knows what's ahead and wants to do it, okay. Correct, Your Honor. I speak on his behalf, and that's why we're here. He's upset that these firearms were attributed to him by one of several liabilities. I mean, the government even uses intent. They even say a Rosemont, basically, because the judge asked him, are these guns, what are these guns going to be used for? And the government states the question is, the real question is, what is in the defendant's mind state? That's Rosemont. That's intent. The government should not be allowed to sidestep Rosemont's requirements simply because they called this a conspiracy. The Supreme Court has spoken about the level of intent required with nine 24C convictions, and it applies factually to Mr. Adams' case. Because there's not a sufficient factual basis for this plea, the court should reverse the judgment of conviction and remand this case to permit for further fact finding. Or at the very least, clear the record about what actually happened with Mr. Adams to either find a factual basis to support the conviction or throw the case out. Okay. I'll let you save a brief bit for rebuttal. Thank you. We'll get you stacked. May it please the court. Good afternoon. My name is Megan Stack, and I represent the government in this matter. The district court properly accepted the defendant's guilty plea to the nine 24C charge because there was a sufficient factual basis to support it. The defendant's plea agreement and the facts found by the district court at sentencing established that a co-conspirator possessed a firearm in furtherance of an armed robbery conspiracy, and that such possession was reasonably foreseeable to the defendant. Nothing more is required to assess co-conspirator liability under Pinkerton, and the district court did not plainly err in accepting defendant's plea. So why would a prosecutor ever charge aiding and abetting if it's so easy to just charge a conspiracy? Well, Your Honor, I'm not sure it's so easy to just charge a conspiracy. Of course, conspiracy requires proof of an agreement, and that is a factually dependent inquiry, and there may be circumstances where the proof of agreement is lacking. And so aiding and abetting provides an adequate alternate grounds for charging. As I think the court has hinted in your comments to defense counsel, defendant's reliance on Rosemond is simply inapplicable here. Rosemond has nothing at all to do with the principles of co-conspirator liability and did nothing at all to upset the longstanding test announced in Pinkerton. Therefore, the suggestion that advanced knowledge or withdrawal is somehow required before co-conspirator liability may be assessed is simply meritless. Unless the court has questions, the government would respectfully request that you affirm the defendant's conviction. Apparently not. So we can give him a minute if he... Would you like a minute for rebuttal, Mr. Brown? It's up to you. All right, very good.  Yes, Your Honor. We appreciate very much your assistance to the court and to your client. Thank you. And thanks as well to the government. We'll take the case under advisement and the court will be in recess. Thank you.